**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DARLY GERMAN FLORES ALVARADO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, DELANEY HALL DETENTION FACILITY,<br><br>Respondent. | Civil Action No. 26-12544 (BRM)<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Petitioner Darly German Flores Alvarado's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention. (ECF No. 1.) Respondents filed a response submitting that Petitioner is now lawfully detained under 8 U.S.C. § 1229c, as he was granted voluntary departure from the United States. (ECF No. 5.) Petitioner replied challenging the grant of voluntary departure and seeking immediate release. (ECF No. 6.)

Petitioner, a citizen of Ecuador, entered the United States on a tourist visa on an unspecified date. (ECF No. 5 at 2; ECF No. 1 at 8.) Petitioner overstayed his tourist visa. (*Id.*) On September 21, 2026, Immigration and Customs Enforcement ("ICE") officers arrested and detained Petitioner under 8 U.S.C. § 1226(a). (ECF No. 5 at 2.) On the same day, Petitioner signed a voluntary departure and verification of departure form, in which the Department of Homeland Security ("DHS") granted Petitioner voluntary departure to depart on or before November 23, 2026, at the Government's expense. (*See* ECF No. 5-1.) Petitioner filed his Petition on September 23, 2026, challenging his detention and arguing that he did not understand the nature and consequences of

the documents he signed, so he did not knowingly and voluntarily agree to what he signed. (*See* ECF No. 1.)

Under 28 U.S.C. § 2241(c)(3), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

In his Petition, Petitioner seeks to challenge his ongoing detention. (ECF No. 1.) However, following DHS's grant of voluntary departure, Petitioner is detained under 8 U.S.C. § 1229c, and 8 C.F.R. § 240.25(c) allows for his detention pending that departure.

Petitioner argues that he did not knowingly and voluntarily request voluntary departure, and he did not understand the consequences of signing the Form I-210. (*See* ECF Nos. 1, 6.) However, the Court lacks jurisdiction to review a challenge to a grant of voluntary departure in a habeas petition. Section § 1252(a)(2)(B) provides in relevant part that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. §1252(a)(2)(B)(ii). This would include the decision to permit voluntary departure. *See*, *e.g.*, *Eras Zumba v. Blanche*, No. 26-8192, 2026 WL 2321611 at * 1 (D.N.J. Aug. 11, 2026) (finding the Court lacked

jurisdiction to review petitioner's voluntary departure agreement). Accordingly, the Court lacks jurisdiction to review Petitioner's challenge to his voluntary departure agreement.

Additionally, pursuant to 8 C.F.R. § 240.25(b), the granting of voluntary departure may include the attachment of "any conditions [deemed] necessary to ensure the alien's timely departure from the United States, including the posting of a bond, *continued detention pending departure*, and removal under safeguards." 8 C.F.R. § 240.25(b) (emphasis added). Petitioner was granted voluntary departure, and § 240.25(b) provides that conditions may be attached to the granting of voluntary departure, including "continued detention until departure." Accordingly, Petitioner is lawfully detained pending his voluntary departure.

Accordingly, and for good cause appearing,

**IT IS** on this 27th day of October 2026,

**ORDERED** that the Petition (ECF No. 1) is **DENIED without prejudice**; and it is further

**ORDERED** the Clerk of Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail and Respondents electronically and **CLOSE** the case.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**